IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**JANNIFER NEHRING,**
9701 Fields Road, #1603
Gaithersburg, MD 20878

      *Plaintiff*,

     **v.**

**OCCASIONS CATERERS COMPASS GROUP,**
655 Taylor Street, N.E.
Washington, DC 20017

      *Defendant.*

Civil Action No.: 1:24-CV-3550

## DEFENDANT'S NOTICE OF REMOVAL

COMES NOW, Compass Group USA, Inc.[1] ("Defendant"), hereby files its Notice of Removal of this action from the Superior Court for the District of Columbia to the United States District Court for the District of Columbia pursuant to Pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446. Defendant bases its removal on the following grounds:

## PLAINTIFF'S CLAIMS AND PROCEDURAL HISTORY

1.     On or about October 21, 2024, Plaintiff filed a Complaint in the Superior Court for the District of Columbia, captioned *Janiffer Nehring v. Occasions Caterers Compass Group* Case NO. 2024-CAB-006648. Although not served on Defendant, the D.C. Superior Court issued an Initial Order, setting an initial hearing date for January 24, 2025. True and correct copies of the District of Columbia Superior Court filings, including the Complaint, are attached hereto as **Exhibit A.**

---

[1] Compass Group USA, Inc. ("Compass Group") is the parent company of Occasions Caterers. While registered to do business in the District of Columbia as a foreign profit corporation, Compass Group's principal place of business is in North Carolina, with its corporate office located at 2400 Yorkmont Road, Charlotte, North Carolina 28217. Plaintiff incorrectly identifies the Defendant as Occasions Caterers Compass Group.

2.      Although Plaintiff failed to properly serve Defendant's registered agent, promptly upon learning of Plaintiff's filing of such Complaint, undersigned counsel for Defendant reached out to Plaintiff on December 12, 2024, in an attempt to accept service of the Complaint and avoid the unnecessary expense of having Plaintiff properly serve the summons as required by FED. R. CIV. P. 4(d)(1). *See* **Exhibit B** (December 12, 2024, Email Correspondence to Plaintiff).

3.      To date, Plaintiff has not responded to Defendant's offer to accept service, and therefore while Defendant has not yet been properly served, out of an abundance of caution, Defendant is filing this Notice of Removal within 30 days of its attempt to accept service of the Complaint. *See* 28 U.S.C. § 1446(b)(3) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."). This Notice of removal is timely and compliant with 28 U.S.C. §§ 1441 and 1446.

4.      A copy of all process documents, pleadings, and orders is attached to Defendant's Notice of Removal.

## THE COURT HAS ORIGINAL JURISDICTION OVER PLAINTIFF'S CLAIMS

5.      The Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.

6.      The Superior Court for the District of Columbia is located within the District of Columbia. Venue is proper in the United States District Court for the District of Columbia because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## DIVERSITY OF CITIZENSHIP EXISTS

7.      "The party seeking the exercise of diversity jurisdiction bears the burden of pleading the citizenship of each and every party to the action." *Novak v. Capital Management and Development Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2007) (quotations and citations omitted).

8.      Plaintiff is a citizen of the State of Maryland. *See* **Exhibit A**, Complaint at 1 (Plaintiff listing her address as 9701 Fields Road, #1603, Gaithersburg, MD 20878).

9.      "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Defendant is a citizen of Delaware and North Carolina only. It is a corporation organized under the laws of the State of Delaware. A copy of Compass's page from Delaware Department of State's page is attached as **Exhibit D**. Compass is headquartered in North Carolina. *See* Declaration of Rebecca Foy ¶ 2, attached as **Exhibit C**. As such, its "principal place of business" under 28 U.S.C. § 1332(c)(1) is in North Carolina.

10.      As this Circuit recognized, the nerve-center test, as laid out by the Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), is the proper test for determining a corporation's principal place of business. To determine a company's principal place of business, courts look at:

> the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*CostCommand, LLC v. WH Administrators, Inc.*, 820 F.3d 19, 23 (D.C. 2016) (quoting *Hertz*, 559 U.S. at 92-93).

3

11.    Here, at all times relevant, Defendant's principal place of business is its headquarters, which is located in Charlotte, North Carolina. Defendant's direction, control, and coordination come from its headquarters. *See* **Exhibit C**, at ¶ 2.

12.    Accordingly, because Defendant is a citizen of North Carolina and Plaintiff is a citizen of Maryland, diversity jurisdiction is established.

### THE AMOUNT-IN-CONTROVERSY EXCEEDS THE $75,000 THRESHOLD

13.    The sum demanded in the initial pleading shall be deemed to be the amount in controversy. 28 U.S.C. § 1446(c)(2). On the Civil Actions Information Sheet, Plaintiff claims her demand is $500,000. *See* **Exhibit A at 5**.

14.    In her Complaint, Plaintiff seeks compensation, health insurance, pay back, psychological damages, emotional damages, and financial damages. *Id.* at 1.

15.    Accordingly, because diversity citizenship exists and the amount in controversy exceeds $75,000, removal to this Court is proper pursuant to 28 U.S.C. § 1332(a).

16.    Concurrent with the filing and service of this Notice of Removal, Defendant has served a Notice of Filing of Notice of Removal on Plaintiff and has filed such Notice with the Clerk of Court for the Superior Court for the District of Columbia. *See* Defendant's Notice of Filing Notice of Removal attached hereto as **Exhibit E**.

17.    By removing this matter, Defendant does not waive or intend to waive any defenses.

### CONCLUSION

WHEREFORE, Defendant files this Notice of Removal and respectfully requests that this Court exercise original jurisdiction over this action so that the entire court action under Civil Action Number 2024-CAB-006648, now pending in the Superior Court for the District of

Columbia, is removed to this Court for all further proceedings.

Dated:  December 19, 2024          Respectfully submitted,

                                  OGLETREE, DEAKINS, NASH,
                                  SMOAK & STEWART, P.C.


                                  */s/ D'Ontae D. Sylvertooth*
                                  D'Ontae D. Sylvertooth, DC Bar No. 1644187
                                  1909 K Street, N.W., Suite 1000
                                  Washington, D. C. 20006
                                  Tel:  (202) 887-0855
                                  Fax:  (202) 887-0866
                                  dontae.sylvertooth@ogletree.com


                                  *Attorney for Defendant Compass Group*

## CERTIFICATE OF SERVICE

I HEREBY certify that a true copy of the foregoing was electronically filed via the Court's CM/ECF filing system on this 19th day of November, 2024, with a copy served by electronic mail and United States mail, postage prepaid to:

Janiffer Nehring
9701 Fields Road, #1603
Gaithersburg, MD 20878
Tel:  (240) 782-5307
jennehring@hotmail.com

*Plaintiff Pro Se*

Respectfully submitted,

*/s/ D'Ontae D. Sylvertooth*
D'Ontae D. Sylvertooth, DC Bar No. 1644187
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
1909 K Street, N.W., Suite 1000
Washington, D. C. 20006
Tel:  (202) 887-0855
Fax:  (202) 887-0866
dontae.sylvertooth@ogletree.com

*Attorney for Defendant Compass Group*

6